RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 4, 3, 08
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIE JAMES NOEL | DOCKET NO. 08-CV-0018; SEC. P |
| VERSUS | JUDGE DRELL |
| TIM WILKINSON, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION
### TO DISMISS SOME, BUT NOT ALL OF PLAINTIFF'S CLAIMS

Before the court is the pro se civil rights complaint (42 U.S.C. §1983) of Plaintiff Willie James Noel, filed in forma pauperis on January 7, 2008. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is incarcerated at the Winn Correctional Center (WCC) in Winnfield, Louisiana. He complains of conditions of his confinement at WCC, particularly with regard to environmental tobacco smoke. Plaintiff named as defendants Warden Tim Wilkinson, Winn Correctional Center, Corrections Corporation of America ("CCA"), C. Wiley, Mona Heyse, Sara McCoy, and an unknown insurance company.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff alleges that he is a non-smoker, and he is housed in a non-smoking dormitory at WCC, specifically Ash D-1. However, Plaintiff complains that inmates housed in his non-smoking dorm are

being sold tobacco products and are smoking the tobacco products inside the dormitory in violation of the non-smoking policy. Plaintiff complains that the defendants do not properly monitor the Ash non-smoking tier. He submits that defendants should install security cameras to see which inmates are violating the non-smoking policy and should conduct more "shake downs" to determine which inmates are smoking in the non-smoking dormitory. He also suggests that the defendants install a more sensitive smoke detector.

Plaintiff was ordered to amend his complaint to provide more specific factual detail about the circumstances under which he has been exposed to tobacco smoke such as the number of total inmates housed in his dorm (Ash D-1), the number of inmates who smoke inside of his dorm, how often those inmates smoke in Plaintiff's non-smoking dorm, and the length of time that these alleged smoking violations have been taking place. In response, Plaintiff stated that there are approximately forty-two inmates in his dorm; of those inmates, approximately one-fourth of the inmates smoke. Plaintiff did not specify how often those ten inmates smoke or how much they smoke. He referred to only one inmate by name who smokes on a daily basis. [Doc. #5]

Moreover, Plaintiff was ordered to amend his complaint to describe in detail what injuries he suffered as a result of the ETS. In response, Plaintiff merely alleged that he has made "numerous sick calls."

2

In his initial complaint, Plaintiff requested $30 million in damages, plus punitive damages. He also asked for injunctive relief in that the no smoking policy in his dormitory and on his tier be enforced, that WCC stop the sale of tobacco products to inmates that live in a non-smoking dorm, and that he not be moved from Winn in retaliation for filing his lawsuit. In his amended complaint, Plaintiff seeks $50 million in compensatory damages.

## LAW AND ANALYSIS

Plaintiff essentially argues that the defendants violated his Eighth Amendment rights against cruel and unusual punishment by exposing him to environmental tobacco smoke (ETS). He seeks (1) monetary relief and (2) injunctive relief. While the Constitution does not require that inmates be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded "humane conditions of confinement," and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care. See Farmer v. Brennan, 511 U.S. 825 (1994). In order to establish an Eighth Amendment violation regarding conditions of confinement, an inmate must establish: first, that the deprivation alleged was sufficiently serious (i.e., an official's act or omission must have resulted in the denial of "the minimal civilized measure of life's necessities"); and second, that the prison official possessed a sufficiently culpable state of mind. See id. at 834. The required

state of mind for cases related to prison conditions is that the official acted with deliberate indifference to inmate health or safety. See Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999). Deliberate indifference is established by showing that the defendant officials "(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

With respect to claims that an inmate is being exposed to environmental tobacco smoke in prison, the Supreme Court has held that the Eighth Amendment does protect prisoners from deliberate indifference by prison officials as to conditions which pose an unreasonable risk of damage to an inmate's *future health*. In Helling v. McKinney, 509 U.S. 25 (1993), the Supreme Court clearly established that, even in the absence of any present physical injury resulting from involuntary exposure to environmental conditions posing a serious health risk, under §1983, an inmate may obtain **injunctive relief** against continued exposure. See Helling, 113 U.S. at 33 (stating that "[i]t would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them.").

While Plaintiff generally alleges that he has made sick calls,

4

he fails specify any physical injury that would entitle him to monetary relief for same. <u>Siglar v. Hightower</u>, 112 F.3d 191 (5th Cir. 1997). Under 1997e(e), Plaintiff is likewise not entitled to money damages for mental and emotional stress. 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

Plaintiff also seeks punitive damages, which are available in Section 1983 cases only "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." <u>Smith v. Wade</u>, 461 U.S. 30 (1983). Plaintiff has not shown evil motive or intent or callous indifference to Plaintiff's rights.

However, Plaintiff could be entitled to injunctive relief under <u>Helling</u>, as discussed herein. The prohibitive feature of §1997e(e), requiring physical injury before recovery, does not apply in the context of requests for declaratory or injunctive relief sought to end an allegedly unconstitutional condition of confinement. See <u>Harper v. Showers</u>, 174 F.3d 716, 719 (5th Cir. 1999).

Therefore, **IT IS RECOMMENDED** that Plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C.

§1915(e)(2)(B), **except for Plaintiff's claim for injunctive relief against Warden Tim Wilkinson**. An order for service of process of Plaintiff's claim for **injunctive relief only** will be forthcoming.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 3rd day of April, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE