RECEIVED
IN ALEXANDRIA, LA
APR 17 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIE JAMES NOEL | CIVIL ACTION<br>SECTION "P"<br>NO. 08-cv-00018 |
| VERSUS | |
| TIM WILKINSON, ET AL. | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint of Willie James Noel ("Noel"), filed in forma pauperis on January 7, 2008. Noel was incarcerated at Winn Correctional Center ("WCC") when he filed his suit complaining about conditions of confinement at WCC. Specifically, he complained about the use of tobacco products and the existence of tobacco smoke in the non-smoking dorm where he was housed.

In his original complaint, Noel named Warden Tim Wilkinson, WCC, Corrections Corporation of America ("CCA"), C. Wiley, Mona Heyse, Sara McCoy and an unknown insurance company as defendants. On April 24, 2008, the district judge dismissed with prejudice as frivolous the claims against all defendants except for the claim for injunctive relief against Warden Wilkinson. (Doc. Item 11,12).

On February 20, 2009, Noel advised the Clerk of Court of his change of address in the case entitled Willie Noel v. Winn Correctional Center, et al., docket number 1:08-cv-00176. (See

Doc. Item 57 in 08-00176). In this letter, Noel advises of his new address which is C. Paul Phelps Correctional Center in DeQuincy, Louisiana. Upon receiving notice, the clerk's office updated Noel's address in all of his cases including the one at hand.

As Noel is no longer confined in WCC, his sole remaining claim for injunctive relief is now moot. Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988), citing DeFunis v. Odegaard, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974); Savidge v. Fincannon, 836 F.2d 898 (5th Cir. 1988), rehearing denied 843 F.2d 499 (5th Cir. 1988); Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002), citing Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1081 (5th Cir. 1991). Therefore, the defendant's unopposed motion for summary judgment (Doc. Item 42) is also moot.[1]

## Conclusion

Based on the foregoing, IT IS RECOMMENDED that defendant's

---

[1] Though a ruling on the motion for summary judgment is no longer necessary as the claim for injunctive relief is moot and though the merits of that motion are not considered herein, the undersigned wishes to point out the following with respect to defendant's answer to the original complaint and his motion for summary judgment. Defendant's answer is unintelligible as it fails to follow plaintiff's numbered paragraphs, lacks the same number of paragraphs as set forth in the complaint and, therefore, appears to answer allegations set forth in a completely different complaint. Additionally, defendant should be aware that the United States Supreme Court case of Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) requires that the defense of lack of exhaustion in prisoner civil rights cases be raised by the defendant as an affirmative defense. Further, pursuant to Fed.R.Civ.P. 8(c) affirmative defenses must be raised in the answer.

motion for summary judgment be DENIED as moot.

IT IS FURTHER RECOMMENDED that Noel's complaint, consisting of a single claim for injunctive relief, be DISMISSED as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this _____ day of April, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE